## W. C. BILES & Co. v. CHARLES S. LOOKER CO.

STATUTORY LIABILITY CONTINUES UNTIL TRANSFER OF STOCK ON BOOKS OF COMPANY IS MADE.

Where a stockholder makes a written contract for the sale of his stock, he remains liable as owner thereof to an assessment under the statute for debts contracted prior to the entry of the transfer of such stock on the books of the company.

APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, J.

On the evidence submitted in this case, we are of the opinion that Mrs. Lucille H. Turner should, as a stockholder in the Charles S. Looker Company, be assessed on the ten and one-half shares which were held by her in such corporation, notwithstanding the fact that prior to the incurring of the debts by said insolvent corporation, to pay which it is sought in this proceeding to assess the stockholders, she had by a contract in writing sold, or contracted to sell, a part of her shares to her husband. No record or mention of this attempted sale appeared on any book of this company until after the debts in question had been incurred by said company. Then for the first time a stock book was procured by the company (October 31, 1892), and a certificate for the original ten shares subscribed by her was issued to her, and on November 4, 1892, she appears to have assigned nine of those shares to her husband, and on November 30, 1892, the original certificate was cancelled, and a new certificate for nine of the shares issued to her husband as her assignee and a certificate for the other share was issued to herself.

Under the law as announced by the Supreme Court in Harpold v. Stobart, 46 O. S., 397, and in Herrick v. Wardwell, 58 O. S., 294, we think that Mrs. Turner after the written assignment by her on April 1, 1892, of the nine shares of stock to her husband, remained liable as the owner thereof to an assessment under the statute for debts contracted

prior to the entry of the transfer of the shares on the books of the company. If she desired to relieve herself from an assessment for the payment of debts thereafter incurred by the company, it was her duty to see that such transfer appeared on the books of the company. The assessment now sought to be made, being for the payment of the debts of the company incurred prior to the entering of the transfer on the books of the company, there must be a decree against her accordingly.

*L. C. Black*, for Biles & Co.

*C. W. Baker*, *contra*.